IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INGRID M. BROWN,
   *Plaintiff*,

v.                                                                    Civil Action No. ELH-14-00950

TARGET, INC.,
   *Defendant*.

**MEMORANDUM OPINION**

In an Amended Complaint (ECF 13), plaintiff Ingrid M. Brown alleges that her former employer, Target, Inc. ("Target"),[1] discriminated against her on the basis of age and race, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-634 ("ADEA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq*. ECF 13. Brown is an African American woman who, at all relevant times, was over the age of forty years old. *Id*. She asserts that defendant discriminated against her when it scheduled her to work fewer hours than younger, white employees; when it denied her "training and promotional opportunities" in favor of younger, white employees; and when it scheduled her to work fewer hours and denied her training and promotional opportunities in retaliation for her engagement in civil rights activities protected under Title VII. *Id*.

Now pending is Target's motion to dismiss (ECF 14, "Motion"), filed pursuant to Fed. R. Civ. P. 12(b)(6). The Motion is supported by a memorandum of law (ECF 14-1, "Memo") and a copy of the Charge of Discrimination submitted by plaintiff to the U.S. Equal Employment

---

[1] Target identifies itself as "Target Corporation," ECF 14 at 1, and notes that it is "incorrectly identified in the Complaint as 'Target, Inc.'" *Id.* n.1.

Opportunity Commission ("EEOC"). ECF 14-2 ("EEOC Charge"). Target contends that Brown failed to exhaust administratively her claims based on retaliation, as well as her claims that Target scheduled her to work fewer hours and denied her training opportunities based on her age or sex. ECF 14-1 at 5-7. In other words, Target argues that Brown failed to exhaust all of her claims *except* those pertaining to denial of "promotional opportunities" on the basis of her age or sex. Additionally, Target asserts that Brown has not alleged facts sufficient to state any claims at all. *Id*. at 8-14.

Brown opposes the Motion. ECF 15. She has submitted a memorandum in opposition (ECF 15-1, "Opposition") and four exhibits, as follows: her own Affidavit (ECF 15-2), with statements pertaining to her claims and to the EEOC's administrative processing of her claims; an Intake Questionnaire she submitted to the EEOC (ECF 15-3); a letter to her from the EEOC responding to her Intake Questionnaire (ECF 15-4); and a copy of the EEOC Charge that was also submitted by Target with its Motion (ECF 15-5). Target has replied. ECF 16 ("Reply").

The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will grant the Motion. But, I will grant plaintiff leave to amend her Amended Complaint, with respect to her promotion-related claims only.

### I. Factual Background[2]

In November 2007, Target hired Brown "as a full time store clerk on the stocks team." Amended Complaint, ECF 13 ¶ 7. At the time, Brown was over the age of forty. *Id*. Plaintiff "performed her duties and responsibilities in an exemplary, commendable, and satisfactory

---

[2] As discussed, *infra*, I will consider Target's Motion in part under Fed. R. Civ. P. 12(b)(1). Therefore, I have relied in this section on a statement in plaintiff's Affidavit (ECF 15-2) and on the EEOC Charge (ECF 14-2 and ECF 15-5), which are both relevant to my consideration under Rule 12(b)(1).

manner." *Id*. Target recognized her work with "numerous commendable feedbacks" and, in May 2010, a "Great Team Hero" award. *Id*.

"[E]arly in her employment" with Target, Brown "experienced a number of incidents with her supervisors and managers, which [she] believed were in violation of Defendant's customer service and employee relations policies." *Id*. ¶ 8. Specifically, she asserts that "executive team leader Roy Herring repeatedly" called her "'trouble.'" *Id*. In response, "in early 2008," Brown called "Defendant's hotline and reported" Herring's behavior. *Id*. "Almost immediately after this incident, Plaintiff's supervisor, Jen Reedy cut Plaintiff's work hours from forth (40) [sic] per week to about nineteen (19) hours per week." *Id*. ¶ 9. "A short time thereafter, Ms. Reedy hired two store clerks, in their late teens or early twenties, who immediately began getting scheduled form [sic] more work hours than Plaintiff." *Id*. Brown "questioned Jen Reedy about Ms. Reedy's actions" and "complained" that she (Brown) "believed that Ms. Reedy's actions were discriminatory." *Id*. After that, Brown "was never scheduled for more than twenty hours per week on average … ." *Id*. Brown asserts that, even after she received the Great Team Hero award in May 2010, her "supervisors and managers continued to deny [her] work hours, and deny [her] other work opportunities, including training and promotions." *Id*. ¶ 10.

On September 20, 2010, Brown "initiated a charge of discrimination against [Target] with the EEOC," ECF 13 ¶ 10, by filing an "Intake Questionnaire" form. *See* Affidavit of Ingrid Brown, ECF 15-2 ("Brown Aff.") ¶ 2. In her Affidavit, Brown avers that she "attached to the Questionnaire a 10-page statement of the reasons for discrimination … ." ECF 15-2 ¶ 2; *see also* ECF 15-3 ("Intake Questionnaire") (undated, completed form referring reader to attachments).

Sometime after September 20, 2010, Brown "made [Target's] HR representative aware that Plaintiff had taken the action of going to the EEOC … ." ECF 13 ¶ 11. Thereafter, Brown's "supervisors and managers … continued to deny [her] work hours, and reduced Plaintiff's work hours to as low as five (5) hours per week, while younger white store clerks were … hired and scheduled more hours than Plaintiff." *Id*. Specifically, Brown's "supervisors and managers reacted [to her EEOC activity] by drastically reducing [her] work hours to five (5) hours per week in October 2010." *Id*. at ¶ 24. After September 20, 2010, and through "the remainder of the year 2010," Brown submitted correspondence to the EEOC "at least eleven" times regarding her concerns. ECF 13 ¶ 12.

"On or about January 15, 2011, Plaintiff signed the EEOC prepared Charge of discrimination against Defendant, which is date stamped as filed on January 18, 2011." ECF 13 ¶ 13; *see also* EEOC Charge, ECF 14-2 and ECF 15-5. On a document labeled "EEOC Form 5" and titled "Charge of Discrimination," plaintiff checked boxes indicating she believed she had been discriminated against on the basis of race and age. ECF 15-5. She explained the particulars of her charge as follows, *id.*:

> I. I began working for the above employer [Target] on November 6, 2007, as an In stock Associate. My present position is an In stock/Sale Floor Associate. I have been passed over for promotions since September 20, 2010. There have been positions available (Guest Service Team Leader and Guest Service Assistant) that I have been qualified for, but was not selected for either position. My employer has hired younger White employees from the outside that were not qualified for these positions. I have been placed in the majority of the positions in the store as a fill in when needed. There are no Black Team Leaders in this store.
>
> II. My employer has not given me a reason for not promoting me.
>
> III. I believe that I have been discriminated against because of my race (Black) in violation of the Title VII of the Civil Rights Act of 1964, as amended and because

of my age (44) in violation of the Age Discrimination in Employment Act of 1967 (ADEA), with respect to promotion.

After filing her EEOC Charge, Brown continued to send supplemental information to the EEOC throughout 2011, 2012, and 2013. ECF 13 ¶¶ 13, 14. In 2011, she submitted twenty-one items of "correspondence" to the EEOC. *Id.* ¶ 13. In 2012 and 2013, she "submitted at least fourteen (14) and eleven (11) correspondence, respectfully. . . ." *Id.* ¶ 14. The supplemental information amounted to approximately one hundred fifty-six "single lined spaced" pages. *Id.* ¶¶ 12 n.1, 13 n.2, 14 n.3. In May 2013, "Plaintiff ended her employment with Defendant." *Id.* ¶ 13.

The EEOC issued a Notice of Right to Sue letter to plaintiff on or about December 27, 2013. ECF 13 ¶ 6. Plaintiff initiated this action in March 2014. ECF 1 (Complaint). In July 2014, Target filed its first motion to dismiss (ECF 6), pursuant to Fed. R. Civ. P. 12(b)(6), arguing in a supporting memorandum (ECF 6-1) essentially the same points it argues in its Memo on the pending Motion. ECF 6-1 at 5-13.[3] In response to Target's first motion to dismiss, Brown filed an Amended Complaint, ECF 13, which is currently the operative pleading. *See* ECF 10 (motion for leave to file amended complaint); ECF 12 (order granting leave to amend).

## II. Discussion

As stated, Target argues that Brown has failed to exhaust administratively most of her claims. Memo, ECF 14-2 at 5-7. Although Target does not rely on Rule 12(b)(1) for its exhaustion claim, this contention constitutes a challenge to the Court's subject matter jurisdiction. *See*, *e.g.*, *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir.

---

[3] In both memoranda, Target argues that Brown had failed to exhaust administratively all but her promotion-related claims, and that she failed to allege facts sufficient to state any claim. *Id*. In the memorandum supporting its first motion to dismiss, Target also argued that Brown's claims are "barred by the applicable statute of limitations." *See id*. at 13-14. Target has not renewed that argument in the pending Motion.

2013); *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).  Target also argues under Rule 12(b)(6) that Brown has failed to allege facts sufficient to plausibly state any claim.  Memo, ECF 14-2 at 8-14.  I will discuss each argument in turn.

### A.  Exhaustion

#### 1.  Standard of Review

A challenge to a federal court's subject matter jurisdiction is reviewed pursuant to Fed. R. Civ. P. 12(b)(1).  A test of subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true,'" or that other facts, outside the four corners of the complaint, preclude the exercise of subject matter jurisdiction.  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *accord Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013).

Target brings a factual challenge because it argues that some of Brown's Title VII and ADEA claims were not included in the EEOC Charge.  ECF 14-1 at 5-7.  In other words, Target alleges that facts not included in the Amended Complaint preclude jurisdiction.  In considering a factual challenge, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction."  *Kerns*, 585 F.3d at 192.  In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009) ("Unless 'the jurisdictional facts are intertwined

with the facts central to the merits of the dispute,' the district court may … resolve the jurisdictional facts in dispute by considering evidence … such as affidavits.") (Citation omitted).

### 2. Title VII & ADEA Requirements

Title VII prohibits an employer from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). It also prohibits employers from discriminating against an employee because the employee has filed a grievance or complaint regarding an employment practice that allegedly violates Title VII's antidiscrimination provision. *See* 42 U.S.C. § 2000e-3(a). *See Boyer-Liberto v. Fontainbleau Corp.*, ____ F.3d ____, 2015 WL 2116849, at *13 (4th Cir. May 7, 2015).

However, a potential plaintiff must file a charge with the EEOC before filing suit in a federal court under Title VII. 42 U.S.C. § 2000e-5(f)(1) (2006) (permitting civil suit by the "person claiming to be aggrieved" after filing of a charge with the EEOC and upon receipt of a right-to-sue letter); *see also*, *e.g.*, *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005); *Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000). This "exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles*, 429 F.3d at 491.

The exhaustion requirement is not "simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit." *Chacko v. Patuxent Institution*, 429 F.3d 505, 510 (4th Cir. 2005). Rather, together with the agency investigation and settlement process it initiates, the requirement "'reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less

expensive resolution of disputes.'" *Balas*, 711 F.3d at 407 (quoting *Chris v. Tenet*, 221 F.3d 648, 653 (4th Cir. 2000)).[4]  "Allowing [the EEOC] first crack at these cases respects Congress's intent … ." *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012).

Title VII's exhaustion requirement also functions as a jurisdictional bar in federal courts where plaintiffs have failed to comply with it.  In *Balas*, 711 F.3d at 406, the Court said: "[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies."  Even when, as here, a plaintiff has filed a claim with the EEOC, a court cannot consider matters that were not properly raised during the EEOC process.  *See*, *e.g.*, *Jones*, 551 F.3d at 300 (quoting *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)) ("'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'"); *Miles*, 429 F.3d at 491.

To determine whether a plaintiff has "properly alleged [a claim] before the EEOC" in a manner satisfying the exhaustion requirement, courts "may look *only* to the charge filed with that agency."  *Balas*, 711 F.3d at 408 (emphasis added); *see also Evans*, 80 F.3d at 962-63 ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."); *Chacko*, 429 F.3d at 506 ("This charge frames the scope of future litigation.").  Although courts "recognize that EEOC charges often are not completed by lawyers and as such must be construed with utmost liberality," courts are "not at liberty to read into administrative charges allegations they do not contain."  *Balas*, 711 F.3d at

---

[4] For a description of the full process, *see Balas*, 711 F.3d at 407.

408 (citations and quotation marks omitted). Rather, courts are constrained by the four corners of the charge and the inference of "'any charges that would naturally have arisen from an investigation thereof … .'" *Balas*, 711 F.3d at 407-08 (citations omitted). In *Sydnor*, 681 F.3d at 594, the Fourth Circuit said: "[A]n administrative charge of discrimination does not strictly limit a Title VII suit which may follow. Instead, so long as a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, she may advance such claims in her subsequent civil suit." *Accord Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 669 (4th Cir. 2015).

"The ADEA makes it 'unlawful for an employer ... to discharge any individual ... because of such individual's age.'" *Calvert Grp.*, 551 F.3d at 300 (quoting 29 U.S.C.A. § 623(a)(1)). Although the ADEA sets out procedural requirements that are slightly different than those for Title VII, *see* 29 U.S.C. § 626(d)(1), failure to file an ADEA claim with the EEOC is a jurisdictional bar to suit in this Court, just as it is under Title VII. *See*, *e.g.*, *Calvert Grp.*, 551 F.3d at 300-01 ("Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim. The same is true of claims made under the ADEA. *See* 29 U.S.C.A. § 626(d); *Vance v. Whirlpool Corp.*, 707 F.2d 483, 486-89 (4th Cir. 1983) (holding that plaintiff's failure to wait 60 days after filing federal administrative charge before bringing suit in federal district court deprived district court of subject matter jurisdiction).") (some citations omitted).

The Supreme Court has held that, where certain criteria are satisfied, documents such as "Intake Questionnaires" may be considered "charges" within the meaning of the ADEA. *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 394, 402 (2008). Specifically, in *Holowecki*,

the Court determined that a plaintiff's filing of Form 283, an "Intake Questionnaire," *id.* at 482, accompanied by an affidavit including "a request for the agency to act", *id.* at 405, satisfied the ADEA's requirement that "a charge" be filed with the EEOC at least 60 days before a plaintiff may commence a civil action. *Id*. at 395, 404. Subsequently, courts have applied *Holowecki* in the context of employment discrimination claims under other statutes, including Title VII. *See, e.g.*, *Grice v. Baltimore Cnty.*, JFM 07-01701, 2008 WL 4849322, at *4 n.3 (D. Md. Nov. 5, 2008) (collecting cases), *aff'd*, 354 F. App'x 742 (4th Cir. 2009); *accord Dixon v. Shasta Beverages, Inc.*, WDQ-12-0569, 2012 WL 4774808, at *3 n.9 (D. Md. Oct. 5, 2012).

*Holowecki*'s holding is limited to situations where a plaintiff argues that a document other than a formal charge is a "charge" for purposes of showing she timely filed a civil action. In other words, courts do not look to allegations included in intake questionnaires to determine the scope of the charges filed before the EEOC. *See*, *e.g.*, *Green v. JP Morgan Chase Bank Nat. Ass'n*, 501 F. App'x 727, 731-32 (10th Cir. 2012) (rejecting plaintiff's argument that under *Holowecki* courts should look to allegations in Intake Questionnaire to determine whether plaintiff exhausted administrative remedies); *Ahuja v. Detica Inc.*, 873 F. Supp. 2d 221, 227-31 (D.D.C. 2012) (same). Rather, as stated, the Fourth Circuit has made perfectly clear that "[i]n any … lawsuit alleging unlawful employment practices", courts "may only consider those allegations included in the EEOC charge" itself. *Balas*, 711 F.3d at 407. Intake questionnaires and letters submitted to the EEOC "cannot be read as part of [a plaintiff's] formal discrimination charge without contravening the purposes of Title VII." *Id*. at 408. *See also Pruitt v. Peninsula Reg'l Med. Ctr.*, GLR-14-00344, 2014 WL 2916863, at *6-7 (D. Md. June 25, 2014) (dismissing

claims included in intake questionnaire but not included in EEOC charge, for failure to exhaust administratively those claims).

### 3. Claims Not Exhausted

As stated, Target argues that Brown has failed administratively to exhaust all the claims included in Complaint *except* her claims that she was denied promotions on the basis of her age and/or race. ECF 14-1 at 5-7. It asserts: "Here, Plaintiff's [EEOC] Charge alleges that she was 'passed over for promotions since September 20, 2010,' and that Target hired 'younger, White employees from outside that were not qualified for these positions.'" *Id*. at 6 (quoting ECF 14-2). But, the EEOC "Charge does not allege that [Brown] received less hours than other employees, that she was retaliated against in any way, or that she was denied any training." ECF 14-1 at 6. Target further argues that "any investigation by the EEOC into" Brown's failure-to-promote allegation "could not reasonably be expected to relate to allegations that Plaintiff was retaliated against or discriminated against for being denied work hours or training." *Id*. at 6-7.

In response, Brown argues that she has exhausted all of the claims included in her Amended Complaint because 1) her Intake Questionnaire constituted a "charge" of discrimination, ECF 15-1 at 10-11, 12 and 2) all of her subsequent correspondence, and the EEOC Charge itself were all amendments to her initial "charge" as stated in the Intake Questionnaire. *Id*. at 11-12. Brown does not argue that the allegations included only in her Intake Questionnaire are reasonably related to the allegations in her EEOC Charge.

I agree with Target. First, under *Balas*, 711 F.3d at 407-08, it is clear that in determining the scope of the allegations properly before me, I cannot consider the allegations included in Brown's Intake Questionnaire and correspondence to the EEOC as part of her "charge." Second,

as quoted in the Factual Background above, Brown's EEOC Charge clearly alleges that plaintiff believes she was discriminated against with respect to promotions only on the basis of her age and race. ECF 15-5. There is no mention of concerns that the alleged discrimination extended to the hours Brown was scheduled to work or her access to training opportunities. *Id*. And, even though Brown filed the EEOC Charge in January 2011, *id.*, there is no mention in the EEOC Charge of the retaliation that her Amended Complaint alleges occurred as early as September or October 2010, before she filed the EEOC Charge. *See* ECF 13 ¶¶ 11, 24.

Notably, Brown does not argue that the challenged claims are reasonably related to the allegations in her EEOC Charge. But, the Fourth Circuit has determined that retaliation claims that are reasonably related to allegations in an EEOC charge and that pertain to conduct that occurred *after* the EEOC charge was filed need not be filed in a new EEOC charge. *Jones*, 551 F.3d at 301-04; *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992); *see Tillbery v. Kent Island Yacht Club, Inc.*, CCB-09-02956, 2010 WL 2292499, at *6 (D. Md. June 4, 2010), *aff'd*, 461 F. App'x 288 (4th Cir. 2012) ("A retaliation claim may be raised for the first time in federal court by relating back to a previous EEOC charge ... so long as the retaliatory conduct complained of occurred *after* the EEOC charge was filed.") (Citations omitted) (emphasis in original).

Here, the only specific instance of retaliation that Brown alleged was a reduction in her scheduled hours in October 2010, which occurred *before* she filed her EEOC Charge. ECF 13 ¶ 24. Thus, as best I can tell, Brown has failed to exhaust *all* of her retaliation claims.

In sum, Brown has failed to exhaust all of her claims, with the exception of those pertaining to allegations that Target discriminated against her when it denied her promotions on the basis of her age and/or race. *Balas*, 711 F.3d at 408; *Pruitt*, 2014 WL 2916853, at *6-7. In

particular, Brown has failed to exhaust administratively her claims that Target cut her scheduled work hours and denied her training opportunities on the basis of her age or race, and she has failed to exhaust her claims based on alleged retaliatory conduct that occurred before she filed her EEOC Charge. Those claims will therefore be dismissed, with prejudice.[5]

particular, Brown has failed to exhaust administratively her claims that Target cut her scheduled work hours and denied her training opportunities on the basis of her age or race, and she has failed to exhaust her claims based on alleged retaliatory conduct that occurred before she filed her EEOC Charge. Those claims will therefore be dismissed, with prejudice.[5]

### B. Failure to State a Claim

Target argues, pursuant to Fed. R. Civ. P. 12(b)(6), that Brown has failed to allege facts sufficient to plausibly state a claim for failure to promote under either Title VII or the ADEA. ECF 14-2 at 10.

#### 1. Standard of Review

A defendant may test the sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 n.3 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a

---

[5] If Brown chooses to file a Second Amended Complaint, this decision does not foreclose a retaliation claim related to conduct that occurred after plaintiff filed her EEOC Charge.

particular, Brown has failed to exhaust administratively her claims that Target cut her scheduled work hours and denied her training opportunities on the basis of her age or race, and she has failed to exhaust her claims based on alleged retaliatory conduct that occurred before she filed her EEOC Charge. Those claims will therefore be dismissed, with prejudice.[5]

### B. Failure to State a Claim

Target argues, pursuant to Fed. R. Civ. P. 12(b)(6), that Brown has failed to allege facts sufficient to plausibly state a claim for failure to promote under either Title VII or the ADEA. ECF 14-2 at 10.

#### 1. Standard of Review

A defendant may test the sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 n.3 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a

---

[5] If Brown chooses to file a Second Amended Complaint, this decision does not foreclose a retaliation claim related to conduct that occurred after plaintiff filed her EEOC Charge.

complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ––– U.S. –––, 135 S. Ct. 346, 346 (2014) (per curiam). But, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. In other words, the complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Iqbal*, 556 U.S. at 684; *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir.), *cert. denied*, ––– U.S. –––, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385–86 (4th Cir. 2009), *cert. denied*, 559 U.S. 991 (2010). However, a complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Twombly*, 550 U.S. at 555. Moreover, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe*, 579 F.3d at 385-86.

A Rule 12(b)(6) motion will be granted if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (citation omitted).

"A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, ––– U.S. –––, 132 S. Ct. 1960 (2012). "'Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citation omitted).

A court's consideration of a Rule 12(b)(6) motion is generally confined to facts alleged in the operative pleading. A court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). However, a court may properly consider documents "attached or incorporated into the complaint," as well as documents attached to the defendant's motion, "so long as they are integral to the complaint and authentic." *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir.2014) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see also Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir.2014). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

### 2. Plaintiff's Claims

As discussed, *supra*, Brown has only exhausted administratively her claims related to Target's alleged failure to promote her. But, Target contends those claims must also be dismissed. In its Memo, Target argues: "Plaintiff's Complaint simply does not contain any facts to support a claim that Target failed to promote her because of her race or age—Plaintiff does not allege that there were open positions, that she was qualified for any of the positions, that she applied to any of the positions, that she was rejected for any positions, or that she was rejected under circumstances that give rise to an inference of unlawful discrimination." *Id*.

In response, Brown argues that she has "sufficiently pleaded a *prima facie* case" of discrimination under both statutes. ECF 15-1 at 14. With regard to her ADEA claims, she argues, *id.*:

> (1) [S]he was over 40; (2) she was meeting the legitimate expectations of her employer, and was recognized for her outstanding service; (3) she suffered adverse action affecting the terms, privileges, or conditions of employment when Defendant reduced her hours (and thus pay) and excluded her from consideration for promotions on numerous occasions … ; and (4) Ms. Brown's hours were diminished and given to store clerks in their late teens and early twenties, substantially younger than and who had been employed by Defendant for less time than Ms. Brown. Moreover, substantially younger employees were considered and cross-trained for promotions, whereas Ms. Brown was excluded from such consideration.

With regard to her Title VII claims, Brown argues, *id.*:

> (1) [S]he was African-American; (2) she was meeting the legitimate expectations of her employer; (3) she suffered adverse action when she was not considered for promotions … ; and (4) several non-African-Americans were selected for training, promotions, and additional hours instead of Plaintiff.

Although Brown argues that she has pled "*prima facie*" cases under both statutes, she is not, of course, required to plead a *prima facie* case under either. *See*, *e.g.*, *Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 511 (2002); *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015). Nonetheless, Brown's Amended Complaint must satisfy the "'ordinary rules for assessing the sufficiency of a complaint'". *McClearly-Evans*, 780 F.3d at 585 (quoting *Swierkiewicz*, 534 U.S. at 511). Under Fed. R. Civ. P. 12(b)(6), Brown's Amended Complaint fails to state claims for failure-to-promote under both the ADEA and Title VII for at least two reasons.

First, as argued by Target, the Amended Complaint does not state the positions for which Brown applied and was rejected. Even taking as true the *implied* allegations that Brown did apply for certain positions, and that Target did reject her, the Amended Complaint as written fails to provide sufficient fact to satisfy even Fed. R. Civ. P. 8's basic notice requirement because it does not state *which* positions Brown now alleges were discriminatorily denied to her. To be sure, Brown's EEOC Charge mentions two positions by name and the EEOC Charge alleges that she applied for and was denied promotions to those positions. *See* ECF 15-5. But, Brown has not repeated those allegations in her Amended Complaint. ECF 13. Thus, neither defendant nor the Court can tell which non-promotions are the intended subject of this action.

Second, Brown has not alleged facts sufficient to "nudge her claim" that Target denied her promotions because of her age and/or race "from the conceivable to plausible … .'" *Clatterbuck*, 708 F.3d at 554 (quoting *Twombly*, 550 U.S. at 570). The only facts alleged in the Amended Complaint in support of plaintiff's conclusory assertion are that "younger and mostly white store clerks" were given "promotional opportunities" that she was denied. ECF 13 ¶ 13; *see also id*. ¶ 15 ("All of the store clerks who were … promoted over Plaintiff were in the early twenties age group.").

In *McCleary-Evans*, *supra*, 780 F.3d at 588, the Fourth Circuit recently affirmed a district court's granting of a motion to dismiss a complaint with similarly thin allegations. The Court reasoned, *id*. at 585-86 (citations omitted) (emphasis and alterations in original):

> In her complaint, McCleary-Evans purported to state a claim under Title VII … . While she did allege that the Highway Administration failed to hire her, she did not allege facts sufficient to claim that the reason it failed to hire her was because of her race or sex. To be sure, she repeatedly alleged that the Highway Administration did not select her because of the relevant decisionmakers' bias against African American women. … The allegation that the Highway Administration did not hire her because its decision makers were biased is simply too conclusory. Only speculation can fill the gaps in her complaint — speculation as to why two "non-Black candidates" were selected to fill the positions instead of her. While the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is *consistent* with discrimination, it does not alone support a *reasonable inference* that the decisionmakers were motivated by bias.

Similarly, Brown has alleged only that younger persons of a different race received the promotions for which Brown applied. As in *McCleary-Evans*, "[o]nly speculation can fill the gaps in her complaint" as to why Brown was not promoted. *Id.* at 586. No facts are provided to support a reasonable inference that Brown was not promoted because of her age or race.

Accordingly, Brown has failed to state a claim for relief with respect to Target's alleged denial of promotions based on her age and/or race. But, because Brown has properly exhausted these claims, I will grant Brown leave to file a Second Amended Complaint re-alleging these claims. Brown must file the Second Amended Complaint within twenty-one days from the date of docketing of the Order accompanying this Memorandum Opinion.

**Conclusion**

For the foregoing reasons, I will GRANT defendant's Motion (ECF 14). But, I will also grant plaintiff leave to file a Second Amended Complaint, with respect to her claims that Target discriminated against her when it denied her promotions on the basis of her age and/or race.

A separate Order follows, consistent with this Memorandum.


Date: May 20, 2015                           /s/
                                    Ellen Lipton Hollander
                                    United States District Judge