IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INGRID M. BROWN,
    *Plaintiff,*

        v.                              Civil Action No.: 14-cv-0950

TARGET INC.
    *Defendant.*

**MEMORANDUM OPINION**

Ingrid Brown, plaintiff, filed suit against her former employer, Target, Inc. ("Target"),[1] claiming that Target discriminated against her on the basis of age and race, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) *et seq.* ("Title VII"), and the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. §§ 626 *et seq.*

Plaintiff is an African American woman who, at all relevant times, was over the age of 40. ECF 19 ¶ 7 (Second Amended Complaint). She was hired by Target in November 2007, and worked as a food or produce clerk at various supermarket stores in the Baltimore area. *Id.* ¶¶ 2, 7. According to plaintiff, beginning in September 2010, "Target began to systematically deny Plaintiff promotion and promotional opportunities while selecting an promotion [sic] younger white and in some cases, younger African American associate [sic]." *Id.* ¶ 8. Ms. Brown contends that she "was clearly more qualified, more experience, [sic] and had better performance and attendance record [sic] . . . than the individuals who were selected and promoted . . . ." *Id.* ¶ 10.

---

[1] Target identifies itself as "Target Corporation," ECF 14 at 1, and notes that it is "incorrectly identified in the Complaint as 'Target, Inc.'" *Id.* n.1. *See also* ECF 21-1 at 1 n.1.

In response to a motion to dismiss (ECF 6), plaintiff filed an Amended Complaint in August 2014. ECF 13. Another motion to dismiss followed. *See* ECF 14. That motion was granted in May 2015, with leave to amend, on the ground that the amended complaint failed to include facts sufficient to state a claim that Target failed to promote plaintiff because of her age and/or race. *See* ECF 17 (Memorandum Opinion of May 20, 2015); ECF 18 (Order of May 20, 2015). Plaintiff filed her Second Amended Complaint on June 11, 2015. ECF 19.

The Second Amended Complaint contains two counts: Count One, for age discrimination, in violation of the ADEA; and Count Two, for race discrimination, *i.e.*, "Disparate Treatment in Violation of Title VII." Target filed a motion to dismiss the Second Amended Complaint ("Motion," ECF 21), along with a supporting memorandum ("Memo," ECF 21-1) (collectively, the "Motion to Dismiss" or "Motion"). Plaintiff opposes the Motion ("Opposition," ECF 25), and Target has replied ("Reply," ECF 26).

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons set forth below, I will grant the Motion to Dismiss (ECF 21) as to allegations that pertain to events that occurred after October 2010 and deny it in all other respects.

## I. Factual and Procedural Background

On September 20, 2010, plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") an initial charge of employment discrimination against Target, based on race and age. ECF 19, ¶¶ 6, 9. She filed a formal Charge of Discrimination with the EEOC on January 18, 2011.[2] *Id.* ¶ 9; *see also* ECF 21-1 at 13 (Charge of Discrimination). In the Charge of Discrimination (ECF 21-1 at 13), plaintiff stated, in part: "I have been passed over for

---

[2] Plaintiff signed the Charge of Discrimination on January 15, 2011. ECF 26-1 at 13. Plaintiff submitted her charge on a form for the Maryland Commission on Human Relations, but it apparently was cross-filed with the EEOC. *See* ECF 21-1 at 13.

promotion since September 20, 2010. There have been positions available (Guest Service Team Leader ['GSTL'] and Guest Service Assistant ['GSA']) that I have been qualified for, but was not selected for either position. My employer has hired younger White employees from the outside that [sic] were not qualified for these positions." She added, *id.*: "There are no Black Team Leaders in this store." And, she said, *id.*: "My employer has not given me a reason for not promoting me."

In ¶ 10 of the Second Amended Complaint, plaintiff identified four employees, all of whom are White and under 40 years of age, who were selected and promoted either to GSTL or GSA, between the period September 2010 and June 2012. As noted, plaintiff asserts that she was more qualified than the persons who were selected. *Id.* Ms. Brown also contends that the positions were "not posted" before each successful candidate "was selected and promoted." *Id.*

According to plaintiff, two of the four individuals were promoted in September or October 2010, before plaintiff filed her formal EEOC charge in January 2011. *Id.* The other two individuals were promoted in June 2012, after plaintiff filed her EEOC charge. *Id.* However, there is no allegation that plaintiff ever filed an amended EEOC charge with respect to the promotions in June 2012.

On or about December 27, 2013, the EEOC issued a "Notice of Right to Sue" letter to plaintiff. ECF 19 ¶ 6. Plaintiff filed her suit within 90 days of receipt of the notice, on March 26, 2014. ECF 1.

Target's Motion to Dismiss (ECF 21), is predicated on Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In sum, Target asserts that plaintiff's claims have not been administratively exhausted "or are too vague to state a claim of discrimination . . . ." ECF 21-1 at 1. As to the sufficiency of the allegations, Target asserts that plaintiff merely states, "in conclusory fashion," that she

3

was denied various promotions. *Id.* at 2. As to the failure to exhaust, Target points to events alleged in the Second Amended Complaint that occurred in 2011 and 2012, after plaintiff filed her charge with the EEOC. *Id.* at 7. Target states that "any claims under Counts One and Two that do not relate to Plaintiff being considered for the GSTL promotion in September 2010 or the GSA promotion in October 2010 should be dismissed." *Id.* Thus, Target seems to concede that, at the very least, plaintiff has exhausted her claims as to any failure to promote in 2010. *See*, *e.g.*, *id.* ("she has only exhausted the claims made in the Charge").

## II. Discussion

As stated, Target argues that, under Fed. R. Civ. P. 12(b)(1), Brown has failed to exhaust some of her claims. ECF 21-1 at 1. And, under Fed. R. Civ. P. 12(b)(6), Target claims that Brown has failed to allege facts sufficient to state a claim of discrimination based on race or age. ECF 21-1 at 8-10. I will discuss each argument, in turn.

### A. Exhaustion

#### 1. Standard of Review

A challenge to a federal court's subject matter jurisdiction is reviewed pursuant to Fed. R. Civ. P. 12(b)(1). A test of subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true,'" or that other facts outside the four corners of the complaint preclude the exercise of subject matter jurisdiction. *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *accord Durden v. United States,* 736 F.3d 296, 300 (4th Cir. 2013).

Target brings a factual challenge because it argues that Brown's Title VII and ADEA claims that relate to alleged discriminatory conduct during 2011 and 2012 were not included in the EEOC Charge. ECF 21-1 at 7; ECF 26 at 2. In other words, Target alleges that facts not included in the Second Amended Complaint preclude jurisdiction.

In considering a factual challenge, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns,* 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia,* 370 F.3d 392, 398 (4th Cir. 2004); *see also United States ex rel. Vuyyuru v. Jadhav,* 555 F.3d 337, 347-48 (4th Cir. 2009) ("Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may . . . resolve the jurisdictional facts in dispute by considering evidence . . . such as affidavits.") (Citation omitted). In this regard, Target has submitted plaintiff's Charge of Discrimination. ECF 21-1 at 13.

### 2. Title VII & ADEA Requirements

Title VII prohibits an employer from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1); *see Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 420 (4th Cir. 2014). It also prohibits employers from discriminating against an employee because the employee has filed a grievance or complaint regarding an employment practice that allegedly violates Title VII's antidiscrimination provision. *See* 42 U.S.C. § 2000e–3(a); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (en banc).

However, a potential plaintiff must file a charge with the EEOC before filing suit in a federal court under Title VII. 42 U.S.C. § 2000e–5(f)(1) (2006) (permitting civil suit by the "person claiming to be aggrieved" after filing of a charge with the EEOC and upon receipt of a right-to-sue letter); *see also, e.g., Miles v. Dell, Inc.,* 429 F.3d 480, 491 (4th Cir. 2005); *Puryear v. Cnty. of Roanoke,* 214 F.3d 514, 518 (4th Cir. 2000). This "exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles,* 429 F.3d at 491; *see also Jones v. Southpeak Investment Corp. of Delaware*, 777 F.3d 658, 670 (4th Cir. 2015) ("We recognize that a primary objective of exhaustion requirements is to put parties on notice of the allegations against them.").

The exhaustion requirement is not "simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit." *Chacko v. Patuxent Institution,* 429 F.3d 505, 510 (4th Cir. 2005). Rather, together with the agency investigation and settlement process it initiates, the requirement "'reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes.'" *Balas v. Huntington Ingalls Indus., Inc.,* 711 F.3d 401, 407 (4th Cir. 2013) (quoting *Chris v. Tenet,* 221 F.3d 648, 653 (4th Cir. 2000)). "Allowing [the EEOC] first crack at these cases respects Congress's intent . . . ." *Sydnor v. Fairfax Cnty.,* 681 F.3d 591, 593 (4th Cir. 2012).

Title VII's exhaustion requirement also functions as a jurisdictional bar in federal courts where plaintiffs have failed to comply with it. In *Balas,* 711 F.3d at 406, the Court said: "[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies."

Of import here, even when a plaintiff has filed a claim with the EEOC, a court cannot consider matters that were not properly raised during the EEOC process. To determine whether a plaintiff has "properly alleged [a claim] before the EEOC" in a manner satisfying the exhaustion requirement, courts "may look *only* to the charge filed with that agency." *Balas,* 711 F.3d at 408 (emphasis added); *see also Chacko,* 429 F.3d at 506 ("This charge frames the scope of future litigation."); *Evans v. Technologies Applications & Serv. Co.,* 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."). Although courts "recognize that EEOC charges often are not completed by lawyers and as such must be construed with utmost liberality," courts are "not at liberty to read into administrative charges allegations they do not contain." *Balas,* 711 F.3d at 408 (citations and quotation marks omitted). Rather, courts are constrained by the four corners of the charge and the inference of "'any charges that would naturally have arisen from an investigation thereof . . . .'" *Id.* at 407-08 (citations omitted).

Nevertheless, "[t]he touchstone for exhaustion is whether plaintiff's administrative and judicial claims are 'reasonably related,' not precisely the same . . . ." *Sydnor*, 681 F.3d at 595. In *Sydnor,* the Fourth Circuit said, *id.* at 594: "[A]n administrative charge of discrimination does not strictly limit a Title VII suit which may follow. Instead, so long as a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, she may advance such claims in her subsequent civil suit." *Accord Jones v. Southpeak Interactive Corp. of Del.,* 777 F.3d at 669; *Jones v. Calvert Group, Ltd.,* 551 F.3d 297, 300 (4th Cir. 2009); *Evans,* 80 F.3d at 963.

"The ADEA makes it 'unlawful for an employer . . . to discharge any individual . . . because of such individual's age.'" *Calvert Grp.,* 551 F.3d at 300 (quoting 29 U.S.C. § 623(a)

(1)).  Although the ADEA sets out procedural requirements that are slightly different than those for Title VII, *see* 29 U.S.C. § 626(d)(1), failure to file an ADEA claim with the EEOC is a jurisdictional bar to suit in this Court, just as it is under Title VII.  *See, e.g., Calvert Grp.,* 551 F.3d at 300–01 ("Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.  The same is true of claims made under the ADEA.  *See* 29 U.S.C. § 626(d); *Vance v. Whirlpool Corp.,* 707 F.2d 483, 486-89 (4th Cir. 1983) (holding that plaintiff's failure to wait 60 days after filing federal administrative charge before bringing suit in federal district court deprived district court of subject matter jurisdiction).") (some citations omitted).

### 3.  Post-2010 Claims Not Exhausted

As noted, during January 2011, Ms. Brown filed a formal Charge of Discrimination with the EEOC, alleging that Target had committed employment discrimination based on race and age.  ECF 19 ¶ 9; ECF 21-1 at 13.  The Charge of Discrimination alleges that Target discriminated against Ms. Brown by failing to promote her to GSTM and GSA between September 20, 2010 and October 5, 2010.  ECF 21-1 at 13.

As discussed, *supra*, Target apparently concedes that Ms. Brown exhausted her claims as to any failure to promote during 2010.  *See, e.g.,* ECF 21-1 at 7 ("she has only exhausted the claims made in the Charge").  Plaintiff's Second Amended Complaint, however, also alleges that Target discriminated against Ms. Brown by failing to promote her on two occasions after 2010.  ECF 19 ¶ 10.  And, as Target observes, Ms. Brown did not amend her EEOC complaint to include the allegations of additional discriminatory conduct after 2010 that she now advances in her Second Amended Complaint.  ECF 21-1 at 7.  Therefore, Target contends that Ms. Brown failed to exhaust the EEOC's administrative process as to alleged discriminatory conduct that

occurred after 2010. As a result, Target argues that this Court lacks subject matter jurisdiction over allegations related to post-2010 conduct.

As Target notes, ECF 26 at 12, Ms. Brown apparently concedes that she did not exhaust her administrative remedies through the EEOC as to discriminatory conduct alleged to have occurred after 2010. *See* ECF 25 at 10. Moreover, in her Opposition plaintiff essentially limits her factual allegations as to exhaustion to discriminatory conduct alleged to have occurred during 2010. *See* ECF 25 at 4-5.

I conclude that Ms. Brown exhausted the EEOC claims process as to her allegations of discriminatory conduct during 2010. But, she failed to exhaust the EEOC claims process as to allegations of discriminatory conduct that occurred after 2010. Accordingly, the Court has subject matter jurisdiction as to Ms. Brown's allegations of discriminatory conduct during 2010, but lacks subject matter jurisdiction as to her allegations of discriminatory conduct after 2010.[3]

### A. Failure to State a Claim

As noted, Target also argues, pursuant to Fed. R. Civ. P. 12(b)(6), that Ms. Brown has failed to allege facts sufficient to state plausibly a claim for failure to promote under either Title VII or the ADEA. ECF 21-1 at 8-10.

### 1. Standard of Review

A defendant may test the sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be

---

[3] Ms. Brown does not argue that her allegations of discriminatory conduct after 2010 relate back to her EEOC complaint. Therefore, I need not consider that issue.

granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 n.3 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly,* 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby,* ____ U.S. ____, 135 S.Ct. 346 (2014) (per curiam). But, the rule demands more than bald accusations or mere speculation. *Twombly,* 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown,* 716 F.3d 342, 350 (4th Cir. 2013). To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556. In other words, the complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Iqbal,* 556 U.S. at 684; *Simmons v. United Mortg. & Loan Inv., LLC,* 634 F.3d 754, 768 (4th Cir. 2011).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Kendall v. Balcerzak,* 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S.Ct.

402 (2011); *Monroe v. City of Charlottesville,* 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied,* 559 U.S. 991 (2010). However, a complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Twombly,* 550 U.S. at 555. Moreover, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain,* 478 U.S. 265, 286 (1986); *Monroe,* 579 F.3d at 385-86.

A Rule 12(b)(6) motion will be granted if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal,* 556 U.S. at 679 (citation omitted). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia,* 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied,* 132 S.Ct. 1960 (2012). "'Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.,* 707 F.3d 1114, 1122 (9th Cir. 2013) (citation omitted).

### 2. Plaintiff's Claims

As discussed, Ms. Brown has only exhausted administratively her claims as to Target's alleged failure to promote her during 2010. But, Target contends that Ms. Brown's allegations concerning events in 2010 must be dismissed, as insufficient to state a claim. Target submits: "Even if Plaintiff had exhausted her administrative remedies, her allegations of discrimination are so vague and conclusory that the Complaint fails to state a claim upon which relief can be granted." ECF 21-1 at 8. In particular, Target asserts, *id.*:

> Plaintiff did not allege facts sufficient to "nudge her claim" that she was denied promotions based on her age or race "from conceivable to plausible." *Brown v.*

*Target, Inc.*, [ELH-14-00950,] 2015 WL 2452617, at *10 [(D. Md. May 20, 2015)]. Plaintiff's [Second Amended] Complaint . . . identif[ies] the four white and under-forty individuals who allegedly received the promotions, but this is not much better than stating in conclusory fashion that "younger and mostly white store clerks" were given "promotional opportunities," as she alleged in the Amended Complaint.

Ms. Brown counters that she "has sufficiently pleaded a *prima facie* case of discrimination" under both the ADEA and Title VII. ECF 25 at 7. With regard to her ADEA claims, she alleged, *id.*:

> (1) Plaintiff was over forty (40) years of age; (2) Plaintiff was performing satisfactorily, including receiving a "Great Team Hero" award and other commendations for work performance in 2010; (3) Plaintiff was pass [sic] over for promotion to the GSTL and GSA openings in 2010; and, (4) younger white associates were selected over Plaintiff for the GSTL or GSA.

With regard to her Title VII claims, Ms. Brown alleged, *id.* at 7-8:

> (1) she is an African-American; (2) she was performing satisfactory [sic] and commendably; (3) she suffered adverse action when she was not considered or selected for the GSTL or GSA openings in 2010; and, (4) young white individuals were selected without posting or noticing of the positions to Plaintiff.

Although Ms. Brown contends that she has pled "*prima facie*" cases under both statutes, she is not required to do so. Rather, Ms. Brown's Second Amended Complaint must satisfy the "ordinary rules for assessing the sufficiency of a complaint . . . ." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002); *see also McCleary–Evans v. Md. Dep't of Transp.,* 780 F.3d 582, 585 (4th Cir. 2015). In my view, Ms. Brown's Second Amended Complaint states a claim for failure-to-promote under both the ADEA and Title VII. Put another way, Brown has alleged facts sufficient to "nudge" her claim that Target denied her promotions because of her age and/or race "from conceivable to plausible . . . .'" *Twombly,* 550 U.S. at 570.

The Second Amended Complaint alleges that "Plaintiff performed her duties and responsibilities in an exemplary, commendable and satisfactory manner," yet, during October

2010, Target "promot[ed] younger, white and in some cases, younger African American associate [sic]" to two positions. ECF 19 ¶¶ 7-8. According to Ms. Brown, Target "posted" neither position before it "selected and promoted" the successful candidate. *Id.* ¶ 10. Ms. Brown maintains that she "was clearly more qualified, more experience [sic], and had better performance and attendance record, to work as GSTL or GSA, than the individuals who were selected and promoted . . . ." *Id*. Ms. Brown also notes that during 2010 "there were no Black [GSTLs] or Black [GSAs] in th[e] store" in which she worked. *Id.* ¶ 9.

Relying substantially on *McCleary-Evans*, 780 F.3d 582, Target contends, ECF 21-1 at 9, Motion:

> Plaintiff's allegations are conclusory and lacking in any facts supporting a reasonable inference that she was not promoted based on her age or race. Merely the fact that individuals who were White and younger were promoted for positions is not enough to satisfy the plausibility standard. And merely stating in conclusory fashion that she had more experience or were [sic] more qualified than each of the four individuals who were allegedly promoted over her is not enough to state a plausible claim of discrimination.

In her Opposition, ECF 25 at 9, Ms. Brown counters that her allegations are distinguishable from the allegations at issue in *McCleary-Evans*, 780 F.3d 582. As Ms. Brown observes, *id.*, she has alleged that Target selected White and younger candidates for the GSTL and GSA positions. *See* ECF 19 ¶ 10, Second Amended Complaint. In addition, Ms. Brown complains that she "was not given the opportunity to be a candidate" for the positions because they "were not posted or advertised for [her] to compete." ECF 25 at 9, Opposition; *see* ECF 19 ¶ 10, Second Amended Complaint.

Ms. Brown also alleged that the GSTL and GSA positions were not posted, ECF 19 ¶ 10, Second Amended Complaint, and therefore she contends that she "[c]ould not know the specific qualification [sic] for the positions," and is also unable "to identify in the pleading, specifically how [she] was more qualified than her comparators [sic]." ECF 25 at 9, Opposition.

Nevertheless, plaintiff asserts, ECF 19 ¶ 10, Amended Complaint: "Plaintiff was clearly more qualified, more experience, [sic] and had better performance and attendance record, [sic] to work as GSTL or GSA, than the individuals who were selected and promoted as GSTL or GSA." Ms. Brown explains that she must rely on allegations concerning her "years of service and obvious commendable work performance with [Target]." She also alleges, *id.* ¶ 7: "Throughout her employment, Plaintiff performed her duties and responsibilities in an exemplary, commendable and satisfactory manner. As a result, Plaintiff received many performance awards or recognitions during her employment, including a May 2010, 'Great Team Hero' award and numerous commendable feedbacks in relation to her job duties and performance."

I agree with Ms. Brown. In *McCleary-Evans*, 780 F.3d 582, the Fourth Circuit affirmed the dismissal of an employment discrimination complaint "[b]ecause . . . McCleary–Evans failed to include adequate factual allegations to support a claim that the Highway Administration discriminated against her *because* she was African American or female." *Id.* at 583 (emphasis in original). McCleary-Evans had alleged that she had interviewed but not been selected for two positions because "decisionmakers were biased and had 'predetermined' that they would select white candidates to fill the positions." *Id* (quoting McCleary-Evans's complaint). Here, as Ms. Brown contends, ECF 25 at 9, Opposition, Ms. Brown alleges that "recruiting and selections to the positions were not done openly and competitively" and that Target thus denied Ms. Brown the opportunity even to be "considered for the positions." *Id.* Moreover, as Ms. Brown submits, *id.*, because the positions were not advertised, Ms. Brown is unable to identify how she "was more qualified than her comparators [sic]" and therefore must rely on allegations concerning her positive job performance. *Id.*

At this juncture, I "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co., supra,* 637 F.3d at 440 (citations and quotation marks omitted). I conclude that Ms. Brown has alleged facts sufficient to "nudge" her claim that Target denied her promotions because of her age and/or race "from the conceivable to plausible . . . .'" *Twombly,* 550 U.S. at 570.

For the foregoing reasons, I will grant the Motion to Dismiss the Second Amended Complaint as to allegations that pertain to events that occurred after October 2010. But, I will deny the Motion in all other respects.

A separate Order follows, consistent with this Memorandum.


Date: October 16, 2015 　　　　　　　　/s/
　　　　　　　　　　　　　　　　　Ellen Lipton Hollander
　　　　　　　　　　　　　　　　　United States District Judge