IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INGRID M. BROWN,

*Plaintiff,*

v.

TARGET, INC.,

*Defendant.*

Civil Action No.: ELH-14-0950

---

**MEMORANDUM**

In this employment discrimination case, I consider a motion for leave to file a third amended complaint, filed after the close of discovery by plaintiff Ingrid Brown.

On March 26, 2014, Brown filed suit against her former employer, Target, Inc. ("Target"),[1] claiming that Target discriminated against her on the basis of age and race, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) *et seq.* ("Title VII"), and the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. §§ 626 *et seq.*  ECF 1.  After Target filed three motions to dismiss (ECF 6; ECF 14; ECF 21) and Brown filed two amended complaints (ECF 13; ECF 19), the parties commenced discovery.  *See* ECF 35.  After two extensions, discovery closed on June 30, 2016.  *See* ECF 56.

On July 7, 2016, almost two and a half years after suit was filed, Brown filed "Plaintiff's Motion and Memorandum in Support of Motion for Leave to File Amended Pleading" (ECF 57, the "Motion"), accompanied by two exhibits.  ECF 57-1; ECF 57-2.  Target opposes the Motion. ECF 58 ("Opposition").  Brown has replied.  ECF 61 ("Reply").

---

[1] Target identifies itself as "Target Corporation" (ECF 14 at 1) and notes that it is "incorrectly identified in the [Second Amended] Complaint as 'Target, Inc.'"  ECF 21-1 at 1 n.1; *see* ECF 58 at 1 (identifying defendant as "Target Corporation").

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons set forth below, I will grant the Motion in part and deny it in part.

## I. Factual and Procedural Background

Plaintiff, who is African-American and over the age of forty (ECF 19 ¶¶ 2, 7), began work for Target in 2007. *Id.* ¶ 7. On September 20, 2010, plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") an initial charge of employment discrimination based on race and age. *Id.* ¶¶ 6, 9. She filed a formal Charge of Discrimination with the EEOC on January 18, 2011. *Id.* ¶ 9; *see also* ECF 21-1 at 13 ("Charge"). In the Charge (ECF 21-1 at 13), plaintiff stated, in part: "I have been passed over for promotion since September 20, 2010. There have been positions available (Guest Service Team Leader ['GSTL'] and Guest Service Assistant ['GSA']) that I have been qualified for, but was not selected for either position. My employer has hired younger White employees from the outside that [sic] were not qualified for these positions." She added, *id.*: "There are no Black Team Leaders in this store." And, she said, *id.*: "My employer has not given me a reason for not promoting me." On or about December 27, 2013, the EEOC issued a "Notice of Right to Sue" to plaintiff. ECF 19 ¶ 6.

As noted, plaintiff filed this suit on March 26, 2014. ECF 1. Target filed a motion to dismiss (the "First Motion to Dismiss"). ECF 6. Plaintiff did not file a timely response. However, on August 21, 2014, Brown filed an untimely "Plaintiff's Motion and Memorandum in Support of Motion for Leave to File Amended Pleading" (the "Motion for Leave"). ECF 10. By Order of August 21, 2014 (ECF 12), I granted the Motion for Leave (ECF 10) and denied as moot the First Motion to Dismiss (ECF 6).

The Amended Complaint again alleged that Target discriminated against Brown on the basis of her age and race, in violation of the ADEA and Title VII. ECF 13. Brown asserted that defendant discriminated by scheduling her to work fewer hours than younger, white employees; by denying her "training and promotional opportunities" in favor of younger, white employees; and retaliated against her for engagement in civil rights activities protected under Title VII, by assigning her fewer work hours and denying her training opportunities and promotions. *Id.*

In response, Target moved to dismiss the Amended Complaint (the "Second Motion to Dismiss"). ECF 14. By Memorandum Opinion (ECF 17) and Order (ECF 18) of May 20, 2015, I granted the Second Motion to Dismiss (ECF 14). I agreed with Target that, with the exception of those claims pertaining to allegations that Target discriminated against plaintiff on the basis of her age and/or race by denying promotions, Brown had failed to exhaust the administrative claims process of the EEOC. *See* ECF 17 at 12-13. I also agreed with Target that the Amended Complaint failed to state a claim for failure-to-promote under both the ADEA and Title VII. *Id.* at 17-18. In particular, I noted that, although Brown's EEOC Charge identified two positions for which she allegedly applied and was denied a promotion, the Amended Complaint did not identify the positions for which Brown applied and was rejected. *See id.* at 17. In addition, I concluded that although Brown alleged that younger persons of a different race received the promotions she sought, she failed to allege facts to support a reasonable inference that Brown was not promoted because of her age or race. *Id.* at 18. Nevertheless, I granted Brown leave to file a Second Amended Complaint, to supplement her allegations as to her failure-to-promote claims under the ADEA and Title VII. ECF 18.

Brown filed a Second Amended Complaint on June 11, 2015. ECF 19. In relevant part, the Second Amended Complaint added the following factual allegations, *id.* ¶ 10:

3

Plaintiff was clearly more qualified, more experience [sic], and had [a] better performance and attendance record, to work as GSTL or GSA, than the individuals who were selected and promoted as GSTL or GSA. These included:

   a. Angelina Baker who is white and [was] less than forty years of age when she was selected and promoted to the GSTL in September 2010. The position was not posted before Angelina Baker was selected and promoted. Plaintiff was never considered.

   b. Brieanna Gwinn who is white and [was] less than forty years of age when she was selected and promoted to the GSA position sometime in October 2010. The position was not posted before Brieanna Gwinn was selected and promoted. Plaintiff was never considered.

   c. Lauren Aleman who is white and [was] less than forty years of age when she was selected and promoted to the GSA position sometime in June, 2011. The position was not posted before Lauren Aleman was selected. Plaintiff was not given an opportunity to apply or be considered for the position.

   d. Eunice Rijos who is white and [was] less than forty years of age when she was selected and promote[d] to the GSA position sometime in June 2012.

Target again moved to dismiss (the "Third Motion to Dismiss"). ECF 21. By Memorandum Opinion (ECF 27) and Order (ECF 28) of October 16, 2015, I granted the Third Motion to Dismiss as to allegations of discriminatory conduct that purportedly occurred after October 2010, *i.e.*, allegations as to Lauren Aleman and Eunice Rijos, because Brown did not make these allegations during the EEOC claims process, and did not exhaust her administrative remedies as to those claims. ECF 27 at 9.[2] As to Brown's allegations that, during September and October 2010, Target failed to promote her in favor of Angelina Baker and Brieanna Gwinn, two younger, white coworkers, I found that Brown had alleged enough facts to survive a motion to dismiss. *See* ECF 27 at 12-15. Accordingly, I denied the Third Motion to Dismiss as to allegations pertaining to Angelina Baker and Brieanna Gwinn. ECF 28.

---

[2] Ms. Brown did not argue that Target's conduct after 2010 related back. *See* ECF 27 at 9 n.3.

By Scheduling Order of October 29, 2015 (ECF 35), I set December 18, 2015, as the deadline to amend pleadings. *Id.* at 1. I also set a discovery deadline of April 18, 2016. *Id.* Thereafter, the parties began discovery.

On April 12, 2016, as the discovery deadline neared, the parties notified the Court of several discovery disputes. *See* ECF 39; ECF 40. In particular, Target maintained, *inter alia*, that Brown had propounded discovery requests that pertained to conduct after October 2010. *See* ECF 40 at 2. Accordingly, the case was referred to Magistrate Judge Gesner for resolution of discovery disputes. ECF 41.

On April 18, 2016, pursuant to Fed. R. Civ. P. 37, Target filed "Defendant's Motion to Compel and for Sanctions" (ECF 45), accompanied by a memorandum of law (ECF 45-1) (collectively, the "Motion to Compel"). Target maintained that Brown appeared for her deposition on April 18, 2016, but was physically unable to be deposed because, according to Brown and her attorney, Brown was experiencing adverse side effects from prescription medication. *See* ECF 45-1 at 1.

Two days later, on April 20, 2016, counsel for Target sent a letter to Brown's attorney. ECF 58-1 at 2-4. The letter said, in relevant part, *id.* at 2-3 (underlined in original):

> This letter is to follow-up on our conversation earlier this week concerning Plaintiff's allegations that she was purportedly denied certain promotional opportunities to Guest Service Team Leader and Guest Service Assistant between September and October 2010. As we discussed, it is Target's position that the non-promotion claims Plaintiff has asserted against Target in her Second Amended Complaint are completely lacking in evidentiary support and are without any legal basis. Rather than proceeding with motion practice to reach the inevitable result of having her claims dismissed by the Court, we request pursuant to Federal Rule of Civil Procedure 11 that Plaintiff, in accordance with her good faith obligations, immediately and voluntarily dismiss her remaining claims and eliminate the unnecessary cost and burden to both parties.

* * * *

[A]s can be demonstrated through undisputable record evidence, both of these alleged promotions simply did not occur as Plaintiff contends. First, as reflected in the attached job history records from Target's HRIS database,[3] Angelina Baker was hired as a GSTL in August 2009 and remained in that position until her separation in October 2010. As such, Ms. Baker was not promoted to GSTL in September 2010 as alleged. Even if Plaintiff were to contend she should have been considered for the GSTL position filled by Angela Baker[4] in August 2009, any such claim would be patently time barred and subject to dismissal for failure to exhaust administrative remedies as that hiring decision would have occurred nearly 17 months before Plaintiff filed her EEOC charge.

Similarly, Plaintiff appears to confuse two different Target employees (who upon information and belief are related) with respect to her other alleged non-promotion claim –Brieanna Nicole Thomas and Brittany Poggioli (formerly Gwinn). Neither individual, however, can salvage Plaintiff's non-promotion claims. Indeed, as reflected in the attached job history records from Target's HRIS database, Brieanna Nicole Thomas was a Price Accuracy Team Member throughout the relevant period, and only served as a Guest Service Attendant during a very brief period in 2009, when she voluntarily took a demotion to this position for approximately 5 months. Likewise, Brittany (Gwinn) Poggioli was never hired or promoted to a GSTL or GSA position; rather she remained a Sales Floor Team Leader throughout Plaintiff's entire tenure with Target.

\* \* \* \*

[B]efore Target is required unfairly to expend the time, resources, and legal fees necessary to obtain dismissal of these frivolous claims, we are alerting you and your client to our very serious concerns and prevailing on you to reconsider the wisdom of prosecuting this case any further. Moreover, this letter serves as formal notice to you and your client that if this case is not voluntarily dismissed with prejudice by Friday, April 29, 2016, Target intends to pursue all legal remedies available to it, including reimbursement of its costs and attorney's fees pursuant to all applicable rules and law, including Rule 11 of the Federal Rules of Civil Procedure and 29 U.S.C. § 1927.

The letter was accompanied by personnel records as to Angelina Baker, Brieanna Thomas, and Brittany Poggioli, f/k/a Brittany Gwinn. ECF 58-1 at 5-7. The records show, *inter alia*, that Baker was hired as a "Guest Service TL" on August 10, 2009 (*id.* at 5); that Thomas

---

[3] The record does not reflect as to what "HRIS" refers.

[4] I assume that "Angelina Baker" and "Angela Baker" are the same employee.

served as a GSA from July 2009 until December 2009 (*id.* at 6); and that Poggioli never worked as a GSTL or GSA. *Id.* at 7.

By Order of April 22, 2016 (ECF 49), Judge Gesner granted the Motion to Compel (ECF 45) in part and denied it in part. In particular, Judge Gesner noted that, pursuant to my Memorandum Opinion (ECF 27) and Order (ECF 28) of October 16, 2015, Brown's claims are "limited [to] the alleged discriminatory non-promotion of plaintiff to GSA and GSTL positions in 2010. Accordingly, discovery is limited to the facts relevant to these claims,[] and defendant is not required to respond to written or oral discovery requests which pertain to events that occurred after October 2010." ECF 49 at 2.[5] Judge Gesner also extended the discovery deadline to June 6, 2016, so that plaintiff could be deposed. *Id.* at 1. Discovery was again extended to June 30, 2016, in order to allow the deposition of a third-party fact witness. *See* ECF 55; ECF 56.

This Motion (ECF 57) followed on July 7, 2016. Plaintiff asserts, *id.* ¶ 8: "[O]nly after the discovery phase of this litigation was complete did Plaintiff and Plaintiff's counsel become aware that some of the factual allegations in her complaint were inaccurate." Thus, Brown's proposed Third Amended Complaint seeks to "include, update and clarify substantive factual averments, allegations, and legal claims." *Id.* ¶ 5.

In pertinent part, the proposed Third Amended Complaint continues to allege, ECF 57-2 ¶ 10: "Plaintiff was clearly more qualified, more experienced, and had [a] better performance and

---

[5] Judge Gesner also said, ECF 49 at 2 n.1:

> The court recognizes that some activities relevant to the allegedly discriminatory non-promotion (for instance, the advertising of or recruitment for the position) likely occurred in the months prior to the September and October 2010 decisions not to promote plaintiff. Such activities leading to the decisions are fairly within the scope of discovery.

attendance record, to work as GSTL or GSA, than the individuals who were selected and promoted as GSTL or GSA." Yet, plaintiff seeks to remove specific allegations as to Angelina Baker and Brieanne Gwinn. *Id.* Instead of specific allegations as to two coworkers who were promoted, plaintiff seeks to add the following sentence, *id.*: "There were positions available in October and September of 2010 which were not posted and which Plaintiff was not considered for."

## II. Discussion

### A. Fed. R. Civ. P. 16

Fed. R. Civ. P. 15(a)(2) states, in part: "The court should freely give leave [to amend] when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Simmons v. United Mortgage & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman*, 371 U.S. at 182.

Although Fed. R. Civ. P. 15(a)(2) instructs courts to freely grant motions to amend "when justice so requires," plaintiff's Motion was filed considerably out of time. The Scheduling Order required the parties to file amendments to the pleadings by December 18, 2015. ECF 35 at 1. Yet, plaintiff did not move to file her Third Amended Complaint until July 7, 2016, after the close of discovery. ECF 57. Moreover, contrary to plaintiff's suggestion, it does not appear that the Motion is predicated on information obtained late in discovery. Because the Motion is belated, Fed. R. Civ. P. 16 is also pertinent.

In particular, "after the deadlines provided by a scheduling order have passed, the good cause standard" applicable to modifications of scheduling orders under Fed. R. Civ. P. 16 "must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d

295, 298 (4th Cir. 2008); *see also Cook v. Howard*, 484 F. App'x 805, 814–15 (4th Cir.

2012) (stating that Rule 15(a)(2) "applies . . . prior to the entry of a scheduling order, at which

point, under Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling

order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.").

> In *Nourison*, 535 F.3d at 298, the Fourth Circuit explained:
>
> There is tension within the Federal Rules of Civil Procedure between Rule 15(a) and Rule 16(b) amply illustrated by this appeal. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001). On the other hand, Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge."
>
> * * *
>
> Given their heavy case loads, district courts require the effective case management tools provided by Rule 16.

"Good cause requires the party seeking relief [to] show that the deadlines cannot

reasonably be met despite the party's diligence, and whatever other factors are also considered,

the good-cause standard will not be satisfied if the [district] court concludes that the party

seeking relief (or that party's attorney) has not acted diligently in compliance with the

schedule." *Cook*, 484 F. App'x at 815 (quotations omitted). In making that determination, courts

may consider "whether the moving party acted in good faith, the length of the delay and its

effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F.

Supp. 2d 497, 520 (D. Md. 2014) (citing *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757,

768–69 (D. Md. 2010)). But, in any case, if the moving "'party was not diligent, the inquiry

should end.'" *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (quoting *Marcum*

*v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995) (emphasis omitted)); *accord, e.g., CBX*

*Technologies, Inc. v. GCC Technologies, LLC*, JKB–10–2112, 2012 WL 3038639, at *4 (D. Md.

July 24, 2012) (denying motion to amend complaint because plaintiff's "failure to anticipate" its needs was "of its own doing and not the fault of any other entity"), *aff'd,* 533 F. App'x 182 (4th Cir. 2013).

In its Opposition, Target contends, ECF 58 at 6: "Plaintiff was on notice in April 2016—months before discovery closed—that her non-promotion claims were without factual support." It maintains, *id.* at 7: "Plaintiff waited almost three months after learning that her failure-to-promote claims were factually and legally deficient to file her Motion with proposed amendments striking these claims." In particular, Target submits, *id.*:

> Plaintiff's proposed amendments add new factual allegations that would expand Plaintiff's non-promotion claims beyond the GSA/GSTL positions identified in the [Second Amended Complaint] and as ordered by the Court. The proposed amendment to ¶ 10 adds that there were unspecified "positions available in October and September of 2010 which were not posted and which Plaintiff was not considered for." (ECF 57-2 ¶ 10). This is a critical change, as noted above, since the Court had previously required Plaintiff to amend her original Complaint to add the allegations that she now seeks to strike . . . .

Accordingly, Target maintains that "by raising new factual allegations at this late stage, after discovery has closed, Plaintiff has deprived Defendant of the ability to question Plaintiff about these factual allegations and conduct any follow-up discovery." *Id.* at 8.

Although Target relies in part on Fed. R. Civ. P. 16 (*see* ECF 58 at 5-9), Brown does not specifically address Fed. R. Civ. P. 16. *See* ECF 57; ECF 61. Nevertheless, Brown asserts in her Reply, ECF 61 ¶ 9:

> Plaintiff can show good cause for this amended pleading, Plaintiff's amended pleading is not futile and it is not made in bad faith, undue delay, [sic] the amendments are not contrary to the scope of this case and not prejudicial to Defendant. Defendant suggests that this court solely consider Defendant's April 20, 2016 letter to Plaintiff's counsel. However, discovery depositions showed that the information in Defendant's April 20, 2016 letter are factually disputed, inconsistent and supports Plaintiff's claim of denial of promotion in the year 2010. Defendants' expectation that Plaintiff would abandon her lawsuit because it provided Plaintiff with an unauthenticated and disputed document, is absurd.

Although Plaintiff incorrectly averred in her second amended complaint that she was passed over for promotion in favor of Angelina Baker, discovery depositions shows that Plaintiff['s] averment is substantially correct, except as to Angelina Baker. The amendment does not substantively change the claims Plaintiff brought against Defendant at the commence [sic] of this litigation. The fact that Plaintiff's allegations were confirmed and clarified through discovery demonstrates that Plaintiff did not lack diligence and had good cause for filing her third amended complaint.

Plaintiff also states, *id.* ¶ 11:

In this case, Plaintiff timely amended her complaint after discovery as stated above, to clarify factual averments that were brought out in discovery. Plaintiff's third amendment was made after Plaintiff received Defendant's first discovery responses and all of the discovery depositions took place. Plaintiff did not omit or add legal claims to Plaintiff's third Complaint and did not add new factual allegations to support her claims. Rather, after discovery took place, Plaintiff conformed and specified the factual basis for her already existing claims against Defendant as set forth in her Second Amended Complaint; (1) race discrimination in violation of Title VII- disparate treatment; and (2) violation of the ADEA against Defendant. There have only been six (6) depositions in this matter, which involved Plaintiff, two of Plaintiff's immediate supervisors who are Defendant's employees, and three fact witnesses who were all Defendant's employees at all times pertinent to Plaintiff's claims, and Defendant can utilize all information gathered in discovery in this case to support a motion for summary judgment as Defendant chooses to do. Finally, Plaintiff filed its third amended complaint on July 7, 2016, six (6) days after the close of discovery in this matter, which concluded with Jennifer Hale's June 30, 2016 discovery deposition, and less than two months after all significant discovery took place in this case.

Courts in this District have considered similar requests to amend pleadings at such a late phase of the case. In *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618 (D. Md. 2003), for example, the controlling scheduling order set November 15, 2002, as the deadline for joinder of additional parties. *Id.* at 631. On November 22, 2002, the plaintiff filed a conditional motion for leave to file an amended complaint to join two additional defendants in the event the court granted the defendant's pending summary judgment motion. *Id.* at 630-31. The only explanation offered by the plaintiff for the out-of-time filing was that the plaintiff's counsel had "'overlooked'" the schedule. *Id.* at 632. The court (Chasanow, J.) denied the request for leave to amend as moot, because of the denial of defendant's summary judgment motion. But, it noted

11

that "in any event" it would not "have allowed" plaintiff to amend the complaint to add new parties under Rule 16 "at this late date . . . ." *Id.* at 631.

Judge Chasanow explained that a "[l]ack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard." *Id.* at 632 (internal quotations omitted). She added, *id.*: "The tardiness is particularly egregious given that [plaintiff] was put on notice as early as January 2002 that ROC would assert that ROC, Ltd. was the proper defendant in the case."

*Chaudhry v. Prince George's Cnty., Md.,* 626 F. Supp. 448, 455 (D. Md. 1985), is also pertinent. There, in the amended complaint, the plaintiff alleged claims pursuant to the Fifth and Fourteenth Amendments. *Id.* at 450. Thereafter, the plaintiff sought to add a First Amendment claim. *Id.* at 453. The court denied the plaintiff's request, finding that "the proposed amendment would delay the trial, would prejudice defendants and would probably prove to be futile." *Id.* at 455. The court explained: "Plaintiff has already amended his complaint once. The pending motion, which seeks to further amend the amended complaint, was filed some fifteen months after suit was instituted, was filed after the date initially set by the Court for the pretrial conference, and was filed at a time when substantially all of the discovery had been completed by the parties." *Id.*

In my view, plaintiff has not shown good cause to file yet another amended complaint to add an omnibus allegation that she was denied promotion to some unspecified positions.

As a preliminary matter, I note that plaintiff's explanations for why she did not try to amend her complaint earlier are inconsistent and unsupported by the record. As noted, in the Motion (ECF 57), plaintiff avers, *id.* ¶ 8: "[O]nly after the discovery phase of this litigation was complete did Plaintiff and Plaintiff's counsel become aware that some of the factual allegations in her complaint were inaccurate." The record belies this contention. On April 20, 2016, more

than two months before Brown sought to amend the complaint, Target provided her attorney with documentation that showed that her allegations as to Angelina Baker and Brieanna Gwinn were unsupported by Target's employment records. *See* ECF 58-1 at 2-3. Notably, the records that Target provided plaintiff's counsel demonstrate that Baker was hired in August 2009 and that plaintiff's allegations as to "Brieanne Gwinn" conflated two employees, Brieanna Thomas and Brittany (Gwinn) Poggoili, neither of whom served as a GSTL or a GSA during the period relevant to this case. *See* ECF 58-1 at 2-7.

In her Reply (ECF 61), plaintiff avers, *id.* at 4: "[D]iscovery depositions showed that the information in Defendant's April 20, 2016 letter are factually disputed, inconsistent and supports Plaintiff's claim of denial of promotion in the year 2010." However, plaintiff does not specify what other information obtained in discovery contradicted Target's employment records. And, in any event, as evidenced by Brown's proposed Third Amended Complaint (ECF 57-2), which seeks to remove allegations as to Angelina Baker and Brieanna Gwinn, it appears that Brown no longer believes that her allegations as to Baker and Gwinn are viable.

In short, on April 20, 2016, Target provided plaintiff with employment records that showed that her allegations as to Angelina Baker and Brieanna Gwinn were inaccurate. Yet, plaintiff waited more than two months, and notably until after the close of discovery, to seek to amend her complaint.

Notably, plaintiff received the employment records from Target in the midst of the parties' discovery disputes before Judge Gesner, who twice extended the deadline by which to complete discovery so that the parties could take depositions. *See* ECF 55; ECF 56. Plaintiff thus had ample opportunity to seek to amend the complaint during discovery and to request additional time to complete discovery so that the parties could explore whatever new allegations

13

plaintiff might have raised.  Plaintiff did not do so.  Instead, plaintiff waited more than two months, and until after the close of discovery, to seek to file a third amended complaint.

Were Brown's proposed Third Amended Complaint merely "to update and clarify substantive factual averments and allegations of the existing claims," as Brown maintains (ECF 61 ¶ 7), her delay in seeking to file another amended complaint might be of no moment. However, I agree with Target that Brown's proposed Third Amended Complaint seeks to expand the scope of this suit dramatically, and after the conclusion of discovery.

The Second Amended Complaint alleged that Target had passed Brown over for promotion to the positions of GSTL and GSA and instead promoted Angelina Baker and Brieanna Gwinn.  ECF 19 ¶ 10.  By contrast, the proposed Third Amended Complaint alleges more generally, ECF 57-2 ¶ 10: "There were positions available in October and September of 2010 which were not posted and which Plaintiff was not considered for."  The proposed Third Amended Complaint thus attempts to replace specific allegations as to two instances in which Brown was supposedly denied a promotion with a sweeping contention that Brown was passed over for promotion to some unspecified jobs by some unidentified persons.

Permitting Brown to advance such a broad, new allegation at this stage of the case would necessarily require further discovery to permit Target to respond to factual allegations not contained in the Second Amended Complaint.  This I will not do.

As noted, the case is already in its third year and Brown has already twice amended her complaint.  *See* ECF 13; ECF 19.  Discovery, which has already been extended twice, is now closed.  *See* ECF 55.  As Target notes (ECF 58 at 8): "If leave were granted, Defendant would also be prejudiced because of the obvious delay and because of the time and expense already incurred in discovery and the need for further discovery regarding these new non-promotion

14

claims . . . ."  Moreover, extending discovery would necessarily require further postponing the deadline for filing dispositive motions, which the Court has already done twice.  *See* ECF 35; ECF 56; ECF 60.

Accordingly, in my view, plaintiff has not demonstrated good cause under Fed. R. Civ. P. 16 to file another amended complaint that advances new, broader allegations.

### B.  Fed. R. Civ. P. 15

Even if Brown were able to demonstrate good cause pursuant to Fed. R. Civ. P. 16, her proposed Third Amended Complaint would not satisfy the requirements of Fed. R. Civ. P. 15.

"Delay [in the case's resolution] alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted).  "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.* (citation omitted); *see Simmons, LLC*, 634 F.3d at 769; *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Nourison Rug Corp.*, 535 F.3d at 298; *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).   In my view, the proposed Third Amended Complaint raises issues of prejudice to the defendant and futility.[6]

---

[6] Target contends, ECF 58 at 2:

> Plaintiff's Motion should be denied because Plaintiff continued to litigate her non-promotion claims after learning that they were without factual or legal basis, forcing Defendant to expend significant resources defending against Plaintiff's frivolous allegations.  Such action, contrary to Plaintiff's statements in her motion, is the definition of 'undue delay and bad faith' and further supports the Court exercising its discretion to deny Plaintiff leave to amend. (ECF 57, ¶ 8).

To be sure, if a court "determines that the amendment was asserted in bad faith . . . the court may not allow the amendment . . . ."  6 Wright & Miller, Federal Practice and Procedure (2004 & Apr. 2016 Supp.) § 1487 at 749-55.  And "the further the case progresse[s] before judgment [is] entered, the more likely it is that . . . a court will find bad faith . . . ." *Laber*, 438 F.3d at 427; *see Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)

"Perhaps the most important factor listed by the [Supreme] Court for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading." 6 Wright & Miller, Federal Practice and Procedure (2004 & Apr. 2016 Supp.) § 1487 at 701 ("Wright & Miller") (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971); *United States v. Hougham*, 364 U.S. 310 (1960)). "[I]f the court is persuaded that no prejudice will accrue, the amendment should be allowed." 6 Wright & Miller § 1487 at 701.

"[P]rejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). In *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439 (4th Cir. 2011), the Court said: "'Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing . . . . [T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant . . . .'" (quoting *Laber*, 438 F.3d at 427).

An amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson,* 785 F.2d at 510 (citations omitted). An amendment is also futile if it would fail to withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995); *see Katyle v. Penn*

---

("[T]here was no showing of purposeful dilatoriness or bad faith by the plaintiffs in the short delay in filing their motion to amend after they became apprised of the possible claim"). Yet, Target does not expand on its contention that plaintiff acted in bad faith. Accordingly, as I decide the Motion on other grounds, I need not decide whether plaintiff's Motion was filed in bad faith.

*Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008).

As to prejudice, Brown maintains, without elaborating, that "Defendant will not be prejudiced by the amended pleading." ECF 57 at 2 ¶ 7. Target counters, ECF 58 at 1: "Plaintiff's Motion should be rejected as it would be highly prejudicial to Defendant who can no longer take discovery regarding Plaintiff's newly asserted claims and where Plaintiff has already had ample opportunity to demonstrate (unsuccessfully) why these new time-barred and unexhausted allegations should be considered."

Regarding futility, plaintiff submits, ECF 57 at 2: "The Court should allow the filing of Plaintiff's amended pleading because the amendment is not futile." Plaintiff, however, does not explain why the proposed Third Amended Complaint would not be futile.[7]

Target avers, ECF 58 at 9:

> The Court should also deny Plaintiff's Motion for the independent reason that the proposed amendments would be futile to the extent they seek to add new non-promotion allegations which contravene the Court's previous orders limiting Plaintiff to the two identified non-promotion decisions to GSTL and GSA in September and October 2010 (as alleged in the [Second Amended Complaint]).

In this regard, Target notes, *id.* at 4-5 n.3 (underlined in original):

> Plaintiff was specifically required by the Court to amend her <u>original</u> Complaint to <u>add</u> the allegations she now seeks to strike regarding the <u>specific</u> GSA and GSTL positions she was allegedly denied in order the survive [sic] Defendant's [Second Motion to Dismiss]. (ECF 17) ("First, as argued by Target,

---

[7] The Motion also states, ECF 57 ¶ 9: "As an initial matter, the factual allegations in the Amended Complaint and Jury Demand, addressed all alleged pleading defects argued in Defendant's Motion to Dismiss. (Dkt. # 6)." It is unclear why plaintiff's Motion discusses the First Motion to Dismiss (ECF 6) and the First Amended Complaint (ECF 13) in this context. It appears, however, that plaintiff merely reused, without updating, arguments advanced in plaintiff's Motion for Leave (ECF 10), which was docketed on August 21, 2014. *See id.* at 3 ¶ 9 ("As an initial matter, the factual allegations in the Amended Complaint and Jury Demand, addressed all alleged pleading defects argued in Defendant's Motion to Dismiss. (Dkt. # 6).")

the Amended Complaint does not state the positions for which Brown applied and was rejected. Even taking as true the implied allegations that Brown did apply for certain positions, and that Target did reject her, the Amended Complaint as written fails to provide sufficient fact to satisfy even Fed. R. Civ. P. 8's basic notice requirement because it does not state which positions Brown now alleges were discriminatorily denied to her. To be sure, Brown's EEOC Charge mentions two positions by name and the EEOC Charge alleges that she applied for and was denied promotions to those positions. *See* ECF 15-5. But, Brown has not repeated those allegations in her Amended Complaint. ECF 13. Thus, neither defendant nor the Court can tell which non-promotions are the intended subject of this action."). Having been already ordered by the Court to remove any ambiguity regarding the specific positions she was allegedly denied, Plaintiff should not be permitted to return to these same vague and ambiguous non-promotion claims.

As discussed, plaintiff's proposed Third Amended Complaint belatedly seeks to expand the scope of plaintiff's failure-to-promote claims beyond the GSTL and GSA positions alleged in the Second Amended Complaint. *See* ECF 57-2 ¶ 10. The proposed Third Amended Complaint alleges more generally, *id.*: "There were positions available in October and September of 2010 which were not posted and which Plaintiff was not considered for." I agree with Target that Brown's proposal to add a more general allegation that she was passed over for promotion to some unspecified positions is prejudicial.

As Target contends, this new, substantially broader allegation would necessitate further discovery beyond the discovery that the parties have already concluded. *See* ECF 58 at 4-5, 7-8. At this late stage of the case, I am persuaded that the additional expense and inherent delay that would result from reopening discovery would prejudice Target.

The same does not hold true for plaintiff's proposal to remove allegations as to Angelina Baker and Brieanna Gwinn. In my view, there is nothing improper about Brown's desire to excise specific allegations as to Angelina Baker and Brieanne Gwinn, which, in light of discovery, are unsupported. *See* ECF 57-2 ¶ 10. Removing allegations that Brown regards as no longer viable is hardly prejudicial to Target.

Even without allegations as to Angelina Baker and Brieanna Gwinn, the proposed Third Amended Complaint would survive a motion to dismiss, and thus futility is not implicated. As amended, the complaint continues to allege, *id.* ¶ 10: "Plaintiff was clearly more qualified, more experienced, and had [a] better performance and attendance record, to work as GSTL or GSA, than the individuals who were selected and promoted as GSTL or GSA." Thus, Brown identifies with particularity the positions for which she was allegedly passed over for promotion. As Judge Gesner noted (*see* ECF 49 at 2), discovery has focused on allegations of discriminatory non-promotion to the GSTL and GSA positions and, after two extensions of time, the parties have had ample opportunity to pursue these allegations in discovery.

### III.    Conclusion

For the foregoing reasons, I will deny the Motion as to proposed additional allegations to ¶ 10 for failure to show good cause under Fed. R. Civ. P. 16 and because they would be prejudicial to defendant under Fed. R. Civ. P. 15. I will, however, grant the Motion as to plaintiff's proposed deletion of specific allegations in ¶ 10 concerning Angelina Baker and Brieanna Gwinn.

A separate Order follows, consistent with this Memorandum.

Date:  August 18, 2016                              /s/
                                         Ellen Lipton Hollander
                                         United States District Judge